IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01363-BNB

JOHN J. McCARTHY,

Applicant,

v.

WARDEN,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 24 2010

GREGORY C. LANGHAM
CLERK

ORDER

This matter is before the Court on "Applicant's Objection to Magistrate Judge's Order Directing Clerk to Commence Civil Action Dated June 11, 2010," filed *pro se* on June 21, 2010. Applicant specifically objects to the portion of Magistrate Judge Boyd N. Boland's June 11, 2010 order directing him to file an amended pleading on the Court's Prisoner Complaint form if he wishes to pursue his claims in this action.

Applicant is a prisoner in the custody of the United States Bureau of Prisons and he is incarcerated at the Federal Detention Center in Englewood, Colorado. Applicant initiated this action by submitting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a separate Petition for a Writ of Habeas Corpus by a Federal Prisoner Held in Federal Custody. Applicant seeks a preliminary injunction or temporary restraining order preventing Respondent from transferring him into a special management unit until the Court can determine the legality of such a placement and the conditions of confinement in special management units. Applicant incorporates into the

habeas corpus pleadings an attached civil complaint that asserts claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The attached civil complaint, which Applicant alleges he filed in the United States District Court for the District of Columbia, also challenges the conditions of confinement in special management units as well as Applicant's pending placement in a special management unit.

Upon receipt of the habeas corpus application and petition, Magistrate Judge Boland entered an Order Directing Clerk to Commence Civil Action and Directing Applicant to Cure Deficiencies that was filed on June 11, 2010. Based on his determination that Applicant is challenging the conditions of his confinement rather than the execution of his sentence, Magistrate Judge Boland ordered Applicant to file an amended pleading on the Court's Prisoner Complaint form if he wishes to pursue his claims in this action.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Applicant argues in his objection that, pursuant to *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), an attack on where his sentence will be served may be raised in a habeas corpus action pursuant to § 2241. Applicant also contends that the Court lacks authority to advise him how his pleading should be filed. The Court has reviewed the file and finds that Magistrate Judge Boland's June 11 order is not clearly erroneous or contrary to law.

The Court agrees that Applicant is challenging the conditions of his confinement rather than the execution of his sentence and that his claims must be raised in a civil

rights action if Applicant wishes to pursue those claims in this Court. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Applicant is not challenging the legality of his custody. Instead, he is challenging his placement in a particular housing unit and the conditions of confinement in that unit. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Applicant's reliance on *Montez* is misplaced because *Montez* determined only that a habeas corpus action challenging a Wyoming prisoner's confinement in a state prison in Colorado rather than Wyoming "seem[ed] to fit better under the rubric of § 2241" rather than 28 U.S.C. § 2254. *See Montez*, 208 F.3d at 865. *Montez* does not support Applicant's contention that his claims challenging his pending placement in a special housing unit and the conditions of confinement in the special housing unit properly may be raised in a habeas corpus action pursuant to § 2241 rather than in a civil rights action.

Furthermore, the Court does not lack authority to insist that litigants pursue their claims under the proper legal authority. Because Applicant is not represented by an attorney in this action, the Court is required to construe his pleadings liberally and overlook his failure to cite proper legal authority or confusion of legal theories if the pleadings can be read to state an arguable claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Finally, the Court is aware that Applicant is subject to the filing restriction in 28 U.S.C. § 1915(g). *See McCarthy v. Warden*, No. 1:CV-07-1148, 2007 WL 2071891 (M.D. Pa. July 18, 2007) (discussing Mr. McCarthy's prior filings and finding that he is subject to the filing restriction in § 1915(g)). The Court will not allow Applicant to avoid the requirements of § 1915(g) by mischaracterizing his conditions of confinement claims as habeas corpus claims. Accordingly, it is

ORDERED that "Applicant's Objection to Magistrate Judge's Order Directing Clerk to Commence Civil Action Dated June 11, 2010," filed on June 21, 2010, is overruled. It is

FURTHER ORDERED that Applicant shall have **thirty (30) days from the date of this order** to cure the deficiencies in this action if he wishes to pursue his claims.


DATED at Denver, Colorado, this  23rd   day of   June  , 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01363-BNB

John J. McCarthy
Reg. No. 38051-066
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/24/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk